**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. JENNY H. CONVISER and | ) | |
| ASCEND CONSULTATION IN | ) | |
| HEALTH CARE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 20-cv-03094 |
| | ) | |
| v. | ) | Honorable Franklin U. Valderrama |
| | ) | |
| DEPAUL UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSED MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL
<u>AND TO STAY PROCEEDINGS</u>**

1

Defendant DePaul University, by counsel and pursuant to 28 U.S.C. § 1292(b), moves the Court for a certification under 28 U.S.C. § 1292(b) to permit an interlocutory appeal of the question whether independent contractors like Plaintiffs have statutory standing under Title IX of the Education Amendments Act of 1972. DePaul also moves the Court to stay discovery proceedings pending resolution of the appeal process.

**INTRODUCTION**

Although many aspects of Plaintiffs' story have changed throughout the various iterations of their Complaint, Jenny Conviser and her company have always alleged they are independent contractors. Yet, the Court has now reached two opposite conclusions about whether that relationship brings Plaintiffs within Title IX's zone of interests. As is evident from the Court's two thorough discussions of this subject, which now span dozens of pages, that question is a difficult one, and appellate authority is limited. Under the factors set forth in § 1292(b), as applied by the Seventh Circuit, the Court should certify that question for an immediate appeal. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

First, the Order involves a "pure question of law": do independent contractors have statutory standing under Title IX? The Seventh Circuit can readily resolve this question without reference to a factual record. Second, that question is "controlling" because its resolution determines whether Plaintiffs can state a Title IX claim. Third, there is "substantial ground for difference of opinion" on the question such that it is contestable. As this has Court acknowledged, whether Plaintiffs have statutory standing is a novel issue, and Title IX's reach is the subject of a growing split among federal courts. Fourth, an immediate appeal will "materially advance" this litigation and promote the fair and efficient adjudication of the claims. Allowing the Seventh Circuit to make an early determination on the central issue of whether Plaintiffs are within Title

2

IX's zone of interests may allow the parties and the Court to save time and resources that discovery, dispositive motions, and trial would otherwise consume. For these reasons, the Court should amend its January 9 Order or issue a new Order including a certification under 28 U.S.C. § 1292(b). And, in the interests of efficiency and judicial economy, the Court should stay all proceedings until the Seventh Circuit disposes of DePaul's appeal.

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court "shall" certify an interlocutory appeal: "(1) where there is a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Gamboa v. City of Chicago*, 2004 WL 2877339, at *2 (N.D. Ill. Dec. 13, 2004) (certifying an interlocutory appeal because "the question concerns an interpretation of a statutory provision," and that question had "not been settled and could ultimately overturn a jury verdict a year or more in the future") (citing 28 U.S.C. § 1292(b)). When "the statutory criteria are met," it is "the duty of the district court and of [the appellate court] as well to allow an immediate appeal to be taken[.]" *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

If the district court's original order does not expressly say that it qualifies for an interlocutory appeal, the district court may either issue a new Order or amend its order to include the requisite language. Fed. R. App. P. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement").

**ARGUMENT**

**I.     The Dismissal Order Involves A Controlling Question Of Law**

First, § 1292(b) requires the presence of a "controlling question of law[.]"  The Seventh Circuit has defined "'question of law' as used in section 1292(b)" to mean "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz*, 219 F.3d at 676.  This phrase refers "to a 'pure' question of law rather than merely to an issue that might be free from factual contest." *Id.* at 677.

A question of law is "controlling" where "it is likely to affect the course of litigation and could save time and expense for the district court and the litigants." *Nat. Res. Def. Counsel v. Ill. Power Res., LLC*, 2016 WL 9650981, at *4 (N.D. Ill. Nov. 2, 2016) (internal citations omitted). Because "it is never one hundred percent certain in advance that the resolution of a particular question will determine the outcome or even the future course of the litigation," the Seventh Circuit has emphasized that courts must apply a "flexible" standard in determining whether a legal question is "controlling" for interlocutory appeal purposes. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991).  Put another way, a question is controlling it if is "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974).

Here, whether independent contractors have statutory standing under Title IX is a controlling question of law.  Specifically, this case presents the question whether independent contractors like Plaintiffs "fall[] within the class of plaintiffs whom Congress has authorized to sue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).  Plaintiffs have statutory standing only if they "come[] within 'the zone of interests'" of Title IX. *Id.* at 127.

4

This is a purely legal question that turns on Title IX's text, purposes, and interpretive caselaw; the Seventh Circuit can easily decide this issue without an evidentiary record.

Additionally, this question of law is controlling. It is undisputed that Plaintiffs are independent contractors. If such contractors do not have statutory standing, then Plaintiffs cannot state a cause of action under Title IX. Because the Court has now dismissed Plaintiffs' state law claims with prejudice, statutory standing is not only "controlling," but may resolve the entire lawsuit. If the Seventh Circuit finds that Plaintiffs lack statutory standing, that finding would result in dismissal of Plaintiffs' Second Amended Complaint. Thus, the issue here is a controlling legal question suitable for interlocutory appeal. *E.g.*, *Shell v. Burlington N. Santa Fe Rwy. Co.*, 2018 WL 6061473, at *4 (N.D. Ill. Nov. 20, 2018) (certifying an interlocutory appeal about the "reach of the ADA's regarded-as provision" because its "resolution will be potentially dispositive of this case").

Finally, the "impact that the appeal will have on other cases is also a factor supporting a conclusion that the question is controlling[.]" *APCC Servs., Inc. v. Sprint Commc'ns Co., LP.*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003) (internal citation omitted); *see also Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 2020 WL 6700121, at *2 (E.D.N.Y. Nov. 13, 2020) (noting that courts often consider whether a question "has the potential to impact a large number of other cases" as a factor in determining whether that question is "controlling") (internal citation omitted); *Resol. Trust Corp. v. Frates*, 1994 WL 559323, at *1 (N.D. Okla. Apr. 12, 1994) (finding that a legal question was "controlling" and certifying appeal in part because the question presented was "one capable of repetition in many other cases pending in the Circuit"). The resolution of the question here—whether Title IX's scope extends beyond the students and employees its drafters expressed a desire to protect—has an enormous potential impact for schools throughout this Circuit, both in

5

terms of litigation and in terms of schools' internal practices. Title IX's implementing regulations contain extensive procedures applicable to qualifying complaints, including a full hearing with cross-examination. *See generally* 34 C.F.R. Pt. 106. If Title IX protects independent contractors (including entities), the circumstances in which schools must follow those procedures will expand exponentially. Schools already encountering growing numbers of Title IX lawsuits from both complainants and respondents could face a new avenue of liability. *Cf.* Samantha Harris & KC Johnson, *Campus Courts in Court: The Rise in Judicial Involvement in Campus Sexual Misconduct Adjudications*, 22 N.Y.U. J. Legis. & Pub. Pol'y 49, 66 (2019) (noting that federal reverse discrimination filings "jumped to twenty-five lawsuits in 2014; forty-five in 2015; forty-seven in 2016; and seventy-eight in 2017"). Obtaining prompt and efficient appellate review of this discrete legal issue is therefore important for all educational institutions, which otherwise will be in limbo regarding their obligations under Title IX until after a trial in this matter, most likely in 2024. For this reason, too, certification of an interlocutory appeal is appropriate.

The Supreme Court has instructed that the prerequisites for § 1292(b) review "are most likely to be satisfied" when a ruling "involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 110-11 (2009). This is one of those cases.

## II. There is Substantial Ground For Difference Of Opinion On Whether Plaintiffs Have Statutory Standing

Second, whether independent contractors have statutory standing is a question on which there is "substantial ground for difference of opinion" (*i.e.*, it is "contestable"). 28 U.S.C. § 1292(b); *see also Ahrenholz*, 219 F.3d at 675.

Although different courts have applied different criteria when measuring "contestability," two common themes emerge. First, an issue is contestable where courts "have followed different

paths and reached opposite conclusions" about the controlling legal question. *Marshall v. Amsted Rail Co.*, 2011 WL 5513204, at *3 (S.D. Ill. Nov. 11, 2011). Put another way, if "the questions involved in [the] ruling were close" and "there was conflicting case law and strong arguments on both sides," then "substantial ground for difference of opinion" exists. *Panache Broadcasting of Pennsylvania, Inc. v. Richardson Elecs., Ltd.*, 1999 WL 1024560, at *5 (N.D. Ill. Oct. 29, 1999). Second, when the relevant issue is a "question[] of first impression, the application of these statutes to the facts alleged here is certainly contestable[.]" *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Development*, 291 F.3d 1000, 1007-1008 (7th Cir. 2002); *see also Nat. Res. Def. Counsel*, 2016 WL 9650981, at *4 (collecting cases and observing that "courts have also found an issue contestable based on its novelty").

Both factors are present here. First, the limited case law that addresses the scope of Title IX's "zone of interests" is conflicting—indeed, there is no better proof of the potential for differing opinions than the Court's own two opinions about this issue. (*Compare* ECF No. 64 at 10-30 *with* ECF No. 37 at 8-21.) Initially, the Court held that "neither *Jackson* [*v. Birhmingham Board of Education*] nor the plain language of Title IX can be extended to provide statutory standing to non-students, non-employees who reported alleged sex discrimination against their patients." (ECF No. 37 at 21.) In grappling with this same question a second time, however, the Court reversed course. (ECF No. 64 at 10-30.) This reversal alone demonstrates that reasonable jurists can differ on this issue.

Notably, *T.S. by & through T.M.S. v. Heart of CarDon, LLC*, 43 F.4th 737 (7th Cir. 2022), on which the Court relied in reversing the course of its prior Order, was also decided on an interlocutory appeal following a motion for judgment on the pleadings. *See T.S. by & through T.M.S. v. Heart of CarDon, LLC*, 2021 WL 2946447, at *9-*10 (S.D. Ind. July 14, 2021)

(certifying order for interlocutory appeal). As explained in DePaul's response to Plaintiffs' Notice of Supplemental Authority (ECF No. 60), the Seventh Circuit's opinion in *T.S.* does not support the conclusion that for which Plaintiffs offered it. That said, *T.S.* is similar to this case in that the question of statutory standing in both cases is "important, purely legal, and potentially dispositive (not only to this, but to many cases)" and "a decision reversing [the relevant order] will obviate the need for a trial[,]" such that interlocutory appeal is appropriate. 2021 WL 2946447, at *10.

Further, in holding that Plaintiffs can sue under Title IX based solely on an independent contractor relationship, this Court's more recent decision conflicts with the only Seventh Circuit opinion to have considered whether independent contractors can sue under Title IX. *See Brown v. Illinois Dep't of Human Servs.*, 717 F. App'x 623, 626 (7th Cir. 2018) (affirming dismissal of a vendor's Title IX claim because "she is not an employee of the Department"). This Court's more recent opinion also conflicts with the decisions on which the Court relied in its original Order granting DePaul's motion to dismiss, all of which held that Title IX does not reach beyond those who seek an educational benefit. (ECF No. 37 at 19-21 (citing *Doe v. Brown Univ.*, 270 F. Supp. 3d 560, 560-61 (D.R.I. 2017), *aff'd*, 896 F.3d 127 (1st Cir. 2018) (holding that a Title IX plaintiff "must be a participant, or at least have the intention to participate, in the defendant's educational program or activity"); *Rossley v. Drake Univ.*, 336 F. Supp. 3d 959, 970 (S.D. Iowa 2018) (holding that "neither *Jackson* nor the plain language of Title IX can be extended to provide statutory standing to a non-student, non-employee who reported alleged sex discrimination against his adult son), *aff'd*, 958 F.3d 679 (8th Cir. 2020)).) This Court's recent reversal of its prior opinion thus fuels a developing circuit split about whether Title IX imposes *any* statutory standing limitations. *Compare Doe*, 896 F.3d 127; *Rossley*, 958 F.3d 679; *Brown*, 717 F. App'x 623 *with Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686 (6th Cir. 2022).

8

Second, the narrower question of whether an independent contractor has Title IX statutory standing is a novel question of statutory interpretation. In fact, the Court determined in its original opinion that this "appears to be a case of first impression[.]" (ECF No. 37 at 1.) Other than the Seventh Circuit's opinion in *Brown* and the Sixth Circuit's passing reference to independent contractors in *Snyder-Hill*, authority on this question remains scarce. Even Plaintiffs' counsel has agreed "there is little precedent for independent contractors in Title IX[.]" Patrick Sloan-Turner, *Judge rules against DePaul's motion to dismiss Title IX case*, The DePaulia (2023), https://depauliaonline.com/61762/news/judge-rules-against-depauls-motion-to-dismiss-title-ix-case/. For this reason, too, the statutory standing question is "contestable" and therefore suitable for interlocutory appeal.

### III. Certification For Interlocutory Appeal Will Materially Advance The Litigation

The final element under § 1292(b) is that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If resolution of an interlocutory appeal could mean "the case will be over" without a trial, then this element is satisfied. *Sakaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 85 F.3d 656, 659 (7th Cir. 1996).

As applicable here, an immediate interlocutory appeal to determine Plaintiffs' statutory standing may materially advance the ultimate termination of this case because if the Seventh Circuit concludes that Plaintiffs may not sue DePaul under Title IX, that decision would "end the case right away, thereby obviating the need for discovery, dispositive motions, and a possible trial." *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1002 (N.D. Ill. 2014); *see also Isaacs v. Caterpillar, Inc.*, 765 F. Supp. 1359, 1375-76 (C.D. Ill. 1991) (certifying an interlocutory appeal where the "substantial burden of trial on the Court, a jury, the witnesses and the parties may well be unnecessary if Caterpillar prevails on appeal"). Even if the Seventh Circuit agrees with

Plaintiffs, knowing the results of the appeal will help the parties assess the value of the case. *Cf.*
*Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (noting that
"uncertainty" about whether an asserted claim was viable "may delay settlement (almost all class
actions are settled rather than tried), and by doing so further protract the litigation. That is enough
to satisfy the 'may materially advance' clause of section 1292(b)").

In sum, because an interlocutory appeal has the potential to end this case, certification is
likely to materially advance the termination of the litigation, and § 1292(b) is satisfied.

### IV.     The Court Should Stay Proceedings Pending Resolution By The Seventh Circuit

An application for appeal under § 1292(b) does not stay proceedings in the district court
unless the district judge or the Court of Appeals orders a stay. *See* 28 U.S.C. § 1292(b). The
power to stay proceedings is part of the Court's inherent power to control its docket. *E.g.*,
*Woodman's Food Market, Inc. v. Clorox Co.*, 2015 WL 4858396, at *2 (W.D. Wis. Aug. 13, 2015)
(granting stay of proceedings pending resolution of interlocutory appeal). In deciding whether to
issue a stay, courts often consider: "(1) whether a stay will unduly prejudice or tactically
disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and
streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and
on the court." *Tap Pharmaceutical Prods., Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, at *1 (N.D.
Ill. Mar. 3, 2004). Each of these factors weighs in favor of staying proceedings until either (1) the
Seventh Circuit denies DePaul permission to appeal; or (2) the Seventh Circuit decides DePaul's
appeal on the merits.

First, a stay will not prejudice Plaintiffs. This case is still at an early stage; no trial date
has been set. *Cf. Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill.
Jan. 5, 2016) (granting a motion to stay pending resolution of relevant Supreme Court proceedings

in part because "this case is in its early stages").  Plaintiffs face no risk of harm that cannot be remedied by money damages.  But, conversely, "both parties suffer harm by the burdens of potentially superfluous litigation."  *Id.*

Second, a stay will simplify the issues.  As discussed above, if Plaintiffs do not have statutory standing, then no discovery will be necessary.  Alternatively, if the Court does not stay this action pending resolution of an appeal, discovery and motions practice will consume significant resources of both the parties and the Court.  And yet, all of that work would turn out to be unwarranted if the Seventh Circuit agrees with DePaul that Plaintiffs are not authorized to sue. Thus, it "would undermine the purpose of the interlocutory appeal to allow [Plaintiffs] to continue pursuing discovery here, before the Seventh Circuit confirms" whether Plaintiffs' case can proceed at all.  *Pine Top Receivables of Illinois, LLC v. Banco De Seguros Del Estado*, 2013 WL 3776971, at *1 (N.D. Ill. July 18, 2013) (staying proceedings pending interlocutory appeal under the Federal Arbitration Act because absent a stay, "we will have wasted the resources of both the parties and this court on unnecessary and invalid proceedings").  For similar reasons, courts in this Circuit (including this Court) routinely stay discovery proceedings pending resolution of interlocutory appeals.  *E.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2010 WL 338089, at *5 (E.D. Wis. Jan. 20, 2010) (granting a stay pending interlocutory appeal "in the interest of judicial economy and to save unnecessary expense for the parties"); *Merk v. Jewel Food Stores Div., Jewel Cos.*, 1986 WL 8969, at *2 (N.D. Ill. Aug. 14, 1986) (granting stay pending interlocutory appeal).

Similarly, a stay has the potential to reduce the burden on the parties and the Court.  As the Seventh Circuit has noted, discovery is "burdensome," and to "immerse the parties in the discovery swamp" that may ultimately prove unnecessary is an "irrevocable as well as unjustifiable harm to

11

the defendant that only an immediate appeal can avert." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625-26 (7th Cir. 2010).

In short, the Court should stay proceedings to realize the primary benefit of an interlocutory appeal: to preserve the Court's and the parties' resources.

## CONCLUSION

For the foregoing reasons, DePaul requests that the Court (i) certify an interlocutory appeal under § 1292(b) on the issue of Plaintiffs' statutory standing; and (ii) stay proceedings in this Court while DePaul seeks permission from the Seventh Circuit to hear an appeal and, if an appeal is permitted, until the appeal is decided.

Date: January 19, 2023

Respectfully submitted,

DePaul University

By: */s/ Christina Egan*

Christina Egan
Amy Starinieri Gilbert
Melissa Marie Weiss
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
cegan@mcguirewoods.com
agilbert@mcguirewoods.com
mweiss@mcguirewoods.com
Telephone: 312.849.8100
Fax: 312.849.3690

Heidi E. Siegmund (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.1049
Fax: 804.698.2315
hsiegmund@mcguirewoods.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 19, 2023, I electronically filed the foregoing *Memorandum in Support of Defendant's Opposed Motion for Certification of Interlocutory Appeal and to Stay Proceedings* with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Christina Egan*
One of Defendant's Attorneys
