**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. JENNY H. CONVISER and ASCEND CONSULTATION IN HEALTH CARE, LLC, | ) | Case No. 1:20-cv-03094 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| DEPAUL UNIVERSITY, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL <u>AND TO STAY PROCEEDINGS</u>**

## INTRODUCTION

DePaul University ("DePaul") asks this Court to certify a question of law for interlocutory appeal because its motion to dismiss was denied in part. Interlocutory appeals, however, are generally frowned upon, and DePaul has not met its heavy burden of demonstrating "exceptional circumstances" to warrant appellate review now. The question in the case—whether an independent contractor can have "statutory standing" to bring a Title IX retaliation claim—is not one of such exceptional importance as to require the extraordinary procedure of interlocutory appeal. DePaul just does not like the result. That is not enough to justify grinding this case to a halt for an interlocutory appeal DePaul would almost certainly lose, given controlling authority in the Seventh Circuit and this Court's reliance on that authority in allowing Plaintiffs to proceed with their Title IX claim. Plaintiffs should now be permitted to begin discovery on their Title IX claim, filed nearly three years ago, and prepare the case for trial or another dispositive motion.

## ARGUMENT

### I. Interlocutory Review Is Not Appropriate.

Interlocutory appeals are "disfavored in the federal system." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). As a general rule, "permission to take an interlocutory appeal should be granted sparingly and with discrimination." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (citation omitted). "Certification is the exception and not the rule." *Id.* The party seeking an interlocutory appeal has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Powell v. Illinois*, No. 18 CV 6675, 2019 WL 10349404, at *1 (N.D. Ill. Nov. 5, 2019) (citing *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). As discussed below, DePaul has failed to meet this burden.

A district court may only certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Seventh Circuit has explained, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Each factor is mandatory: "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal." *Id.* at 676. Here, an interlocutory appeal is not warranted because there is no "contestable" issue and it would not materially advance the litigation. Accordingly, this Court should deny DePaul's Motion for Certification of Interlocutory Appeal and to Stay Proceedings.

**A. There is no contestable issue.**

Because the question of law here is settled by controlling authority, DePaul cannot show that there is a contestable issue warranting interlocutory review. A question of law is not contestable unless there is substantial ground for a difference of opinion. *Ahrenholz*, 219 F.3d at 675. "A contestable issue presents a 'difficult central question of law *which is not settled by controlling authority*' and poses a 'substantial likelihood' that the district court's ruling may be reversed on appeal." *Brown v. Morsi*, No. 15-cv-4127, 2018 WL 3456494, at *1 (N.D. Ill. July 18, 2018) (emphasis added) (quoting *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. at 1081). DePaul has not met the "heavy burden" of demonstrating a contestable issue. *Flynn v. Exelon Corp.*, No. 19 C 8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022).

As the Court properly concluded in denying DePaul's motion to dismiss, the Seventh Circuit's decision in *T.S. v. Heart of CarDon, LLC*, 43 F.4th 737 (7th Cir. 2022), resolved the legal

question in this case, foreclosing DePaul's argument. Opinion, ECF No. 64 at 13-30 (applying *T.S.* to Plaintiffs' Title IX claim).[1] There is also no contestable issue here because both *T.S.* and the decision in this case "followed the rules of statutory construction that focus on a statute's plain meaning." *LAJIM, LLC v. Gen. Elec. Co.*, No. 13 CV 50348, 2016 WL 626801, at *2 (N.D. Ill. Feb. 17, 2016); *see* ECF No. 64 at 20-21, 24-30. In short, the "question of law" for which DePaul seeks interlocutory appeal is "settled by controlling authority," *Brown*, 2018 WL 3456494, at *1, and there is very little chance the Seventh Circuit would reverse since it just decided *T.S.* last year. Indeed, the Seventh Circuit could not reverse the Court's opinion without an *en banc* reversal of *T.S.*, and DePaul does not even try to argue that the Court's application of *T.S.* to this case is wrong.

DePaul contends that the differences between this Court's first and second rulings on the school's motions to dismiss show "jurists can differ on this issue." Mem. in Supp. of Def.'s Mot., ECF No. 71 at 7. But an "issue is not contestable merely because reasonable judicial minds could differ." *Emley v. Wal-Mart Stores, Inc.*, No. 1:17-cv-02350, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020); *see also Falcon v. City of Chi.*, No. 17 C 5991, 2018 WL 3853988, at *1-2 (N.D. Ill. Aug. 13, 2018) (explaining the fact that "reasonable jurists could disagree" with the court's "interpretation and application" of controlling circuit precedent does not make an issue "contestable"); *Ahrenholz*, 219 F.3d at 676 (explaining that "the statutory criteria for an immediate appeal" are not satisfied simply because the motion "was denied on a nonobvious ground"). The fact that this Court ruled differently on DePaul's first and second motions to dismiss does not show that reasonable jurists could differ on the issue: the Court attributed its modified view to new allegations, new arguments and, perhaps most significantly, new controlling legal authority issued

---

[1] As this Court explained, it "would have to disregard the clear mandate from T.S." to accept DePaul's argument, which is "inconsistent with the Seventh Circuit's statutory interpretation in T.S." ECF No. 64 at 20.

after DePaul had filed its second motion. *See* ECF No. 64 at 12. The question of law might have been unsettled earlier, but it isn't after *T.S.*

DePaul is also wrong that "the limited case law that addresses the scope of Title IX's 'zone of interests' is conflicted." ECF No. 71 at 7. The only case DePaul can identify that has held independent contractors cannot bring suit under Title IX is an unpublished opinion in which the pro se plaintiff presented no argument at all about her Title IX claim. *Id.* at 8 (citing *Brown v. Ill. Dep't of Hum. Servs.*, 717 F. App'x 623, 626 (7th Cir. 2018)); *see also* Pls.' Mem. in Opp'n to Mot. to Dismiss, ECF No. 54 at 22 & n.14 (discussing *Brown*). DePaul also cites other cases where courts dismissed the Title IX claims of plaintiffs who were neither students nor employees, ECF No. 71 at 8, but fails to explain how these cases conflict with this Court's opinion. In fact, DePaul's cases further support the Court's opinion. *See, e.g.*, *Rossley v. Drake Univ.*, 958 F.3d 679, 684 (8th Cir. 2020) ("Title IX . . . protects *individuals* who suffer retaliation after reporting instances of sex discrimination" (emphasis added)), *cert. denied*, 141 S. Ct. 1692 (2021); *Doe v. Brown Univ.*, 896 F.3d 127, 132 & n.6 (1st Cir. 2018) (noting the broad range of plaintiffs who can bring Title IX claims, including "[m]embers of the public"). And, even if the Court's opinion conflicted with out-of-circuit rulings, that would not justify interlocutory appeal, since the result here is settled by Seventh Circuit precedent. *See Falcon*, 2018 WL 3853988, at *2 (explaining that "[t]he fact that other circuits have issued rulings contrary to the Seventh Circuit's holding in [a controlling case] does not make this issue contestable").

Finally, DePaul contends that "the narrower question of whether an independent contractor has Title IX statutory standing is a novel question of statutory interpretation." ECF No. 71 at 9. Not so. It is true there are few Title IX cases specifically about independent contractors' "statutory standing." But the interpretative methodology that this Court applied, and that guarantees the result

here, could not be better established: courts must give statutes the plain meaning dictated by their text. *See, e.g.*, *Bostock v. Clayton Cnty*., 140 S. Ct. 1731, 1738 (2020); *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 539, 543 (2019); *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014) (noting courts "apply traditional principles of statutory interpretation" in determining who may bring suit under a statute).[2]

Besides, novelty does not render a question "contestable." *See, e.g.*, *Emley*, 2020 WL 108374, at *6 (explaining "district courts, without contrary direction from the Seventh Circuit, have routinely held that a party seeking to establish the element of 'contestability' must show more than the mere lack of precedent," and collecting cases); *T.S. v. Cnty. of Cook*, 568 F. Supp. 3d 940, 946 (N.D. Ill. 2021) (noting the "fact that an issue is unsettled does not necessarily make it suitable for § 1292(b) certification."), *appeal filed,* No. 21-3303 (7th Cir. Dec. 13, 2021); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2005 WL 327058, at *3 (N.D. Ill. Feb. 3, 2005) ("The movant . . . may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression.").[3]

---

[2] As the Court explained, "[d]espite its name, 'statutory standing,' is not really an Article III standing concept at all." ECF No. 64 at 12 (citing Lexmark, 572 U.S. at 128 n.4). "Rather, . . . statutory standing directs a court to ask whether a plaintiff 'falls within the class of plaintiffs whom Congress has authorized to sue' under the statute" and "[t]he zone-of-interests test is [ ] an appropriate tool" for answering that question. Id. at 12-13 (citations omitted). Whether "a plaintiff comes within the zone of interests is an issue that requires [a court] to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." Id. at 13 (citations omitted) (emphasis added).

[3] DePaul claims the Supreme Court has instructed that interlocutory review under § 1292(b) is most likely to be satisfied when a ruling involves a novel legal issue. ECF No. 71 at 6. Not so. The case it cites to support this point, *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 110-11 (2009), did not refer to novel issues generally; rather, it referred specifically to an attorney-client privilege ruling involving a new legal issue. *Id.*

**B. Interlocutory appeal would not materially advance the litigation.**

DePaul has also failed to satisfy its heavy burden of demonstrating that an interlocutory appeal would "materially advance" or "speed up" the litigation. *See* 28 U.S.C. § 1292(b); *Ahrenholz*, 219 F.3d at 675. In assessing whether an interlocutory appeal would accomplish this purpose, courts consider the "difficulty and general importance of the question presented, the probability of reversal, the significance of the gains from reversal, and the hardship on the parties in their particular circumstances." *Praxair, Inc. v. Hinshaw & Culbertson*, No. 97 C 3079, 1997 WL 662530, at *4 (N.D. Ill. Oct. 15, 1997) (quoting *Mace v. Van Ru Credit Corp.*, No. 94 C 7450, 1995 WL 716636, at *6 (N.D. Ill. Dec. 1, 1995)). All of these considerations militate against an interlocutory appeal here.

For reasons already explained, the question here is not hard and the probability of reversal of the Court's order is slim to none. *See supra* at 3. Although the question is important to Plaintiffs, as it may be to other independent contractors subjected to sex discrimination by schools, it is not a recurring one, as demonstrated by the "limited case law," ECF No. 71 at 7.[4] And DePaul will

[4] The small number of opinions concerning Title IX claims brought by independent contractors—despite any legal authority preventing them from doing so, and the five decades that have passed since the statute's passage—undercuts DePaul's dystopian argument that this Court's opinion threatens to open floodgates of litigation. *See* ECF No. 71 at 5-6. DePaul is also wrong that the opinion threatens to change its investigatory duties under Title IX regulations, since those regulations, like the statutory text, prohibit discrimination against all persons. *See, e.g.*, 34 C.F.R. § 106.31(a) ("[N]o *person* shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any . . . education program or activity operated by a recipient which receives Federal financial assistance[.]" (emphasis added)); *id.* § 106.44(a) ("A recipient with actual knowledge of sexual harassment in an education program or activity of the recipient against a *person* in the United States, must respond promptly in a manner that is not deliberately indifferent." (emphasis added)); *id.* § 106.71(a) ("No recipient or other person may intimidate, threaten, coerce, or discriminate against any *individual* for the purpose of interfering with any right or privilege secured by title IX or this part, or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under this part." (emphasis added)).

not face unusual hardship if required to follow the ordinary rules of procedure and wait for a final order to appeal. In contrast, an interlocutory appeal would unjustifiably "increase the time and expense required for" Plaintiffs to pursue their case. *Flynn*, 2022 WL 267915, at *3 (quoting *Asher v. Baxter Int'l, Inc.*, 505 F.3d 736, 741 (7th Cir. 2007)).

DePaul argues that an interlocutory appeal would materially advance the litigation because the case would be dismissed if it prevailed in the Seventh Circuit. ECF No. 71 at 9-10. "But this can be said for virtually all interlocutory appeals, and [DePaul] has not shown the sort of 'extraordinary circumstances' necessary to turn this . . . motion to dismiss decision into a decision appropriate for interlocutory appeal." *United States v. Wisconsin Bell, Inc.*, No. 08-cv-0724, 2016 WL 3222843, at *2 (E.D. Wis. Jan. 20, 2016). Where, as here, the party seeking interlocutory review is unlikely to prevail on appeal, and the only "harm" that would result from denying certification is that the litigation would continue, there is no good reason for "putting the case on hold." *Praxair*, 1997 WL 662530, at *4 (concluding that interlocutory appeal would not materially advance litigation because movant was unlikely to prevail on appeal, potential hardship to parties in allowing an appeal greatly outweighed potential benefits, and movant would have ample opportunity to seek Seventh Circuit's opinion on issue upon final order of district court).

## II. The Court Should Not Stay Proceedings.

Because the Court should deny DePaul's motion to certify an interlocutory appeal, it should deny as moot the school's request to stay proceedings pending the appeal. *Falcon*, 2018 WL 3853988, at *1; *In re Radford*, No. 88 C 10441, 1989 WL 31096, at *2 (N.D. Ill. Mar. 21, 1989). Even if the Court permits an interlocutory appeal, it should nevertheless deny DePaul's request to stay proceedings. "Certification does not automatically stay the underlying proceedings." *In re Potash Antitrust Litig.,* No. 08 C 6910, 2010 WL 11583542, at *3 (N.D. Ill. Jan. 13, 2010) (granting certification of interlocutory appeal but denying stay of discovery and further

proceedings). Indeed, the presumption is against a stay: an interlocutory appeal does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

DePaul ignores this presumption, relying on two cases purportedly showing that courts in this Circuit "routinely" stay discovery proceedings pending resolution of interlocutory appeals. ECF No. 71 at 11. Though both cases DePaul cites denied stays without any analysis—*see Bayer Healthcare, LLC v. Norbrook Laboratories, Ltd.*, Nos. 08-C-0953, 09-C-0108, 2010 WL 338089, at *5 (E.D. Wis. Jan. 20, 2010); *Merk v. Jewel Food Stores Div., Jewel Cos.*, No. 85 C 7876, 1986 WL 8969, at *2 (N.D. Ill. Aug. 14, 1986)—this hardly means such stays are routine. In fact, they are not. *See, e.g., In re Potash Antitrust Litig.,* 2010 WL 11583542, at *3 (certifying appeal but denying stay); *Lee v. LFG, LLC*, No. 01 C 7048, 2002 WL 1896394, at *1 (N.D. Ill. Aug. 5, 2002) (same).

Here, there are two main reasons that the Court should deny a stay of proceedings. First, DePaul "has not shown a substantial likelihood of success on the merits of its appeal." *Lee,* 2002 WL 1896394, at *1; *see also Kurgan v. Chiro One Wellness Ctrs. LLC*, Case No. 10-cv-1899, 2014 WL 1245053, at *3 (N.D. Ill. Mar. 26, 2014) (denying stay pending appeal where defendant failed to show it had a "significant chance of success on the merits."). Indeed, the opposite is true. As explained above, *supra* at 3, DePaul's appeal would almost certainly fail.[5]

---

[5] In arguing for a stay, DePaul fails to address the likelihood of success on an interlocutory appeal. *See* ECF No. 71 at 10-12. Instead, it bases its argument on factors that a district court considered when assessing whether to issue a stay in a patent suit that plaintiffs filed despite knowing the Patent Office had already begun reexamining the patents at issue. *See id*. at 10 (citing *Tap Pharm. Prods., Inc. v. Atrix Laboratories, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill., Mar. 3, 2004)). Even under those factors, which include prejudice to the non-moving party, a stay is unwarranted here. *See infra* at 9-10.

Second, Plaintiffs would be prejudiced if not allowed to proceed with discovery and prepare the case for trial or a summary judgment motion. This case has been pending for nearly three years and Plaintiffs have not yet had the opportunity to begin discovery. *See* Compl., ECF No. 1-1. Further delay risks imperiling Plaintiffs' ability to collect evidence in support of their claims, including fading witness memories over time and the inability to obtain witness testimony. For example, many of the key DePaul personnel named in the Second Amended Complaint, including Sue Lenti (former Athletic Director), Eugene Lenti (former women's softball head coach), and many sports medicine and Title IX office staff, no longer work at DePaul.

Courts deny stays in these circumstances even when certifying a case for interlocutory appeal. *See, e.g., Arab Am. C.R. League v. Trump*, No. 17-10310, 2019 WL 5684371, at *6 (E.D. Mich. Nov. 1, 2019) (denying stay of discovery pending interlocutory appeal, explaining that additional delay would prejudice plaintiffs because case had been filed two years earlier and plaintiffs had "not yet been able to engage in any discovery."); *Republic of Colom. v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 13 (E.D.N.Y. 2007) (denying stay of discovery pending disposition of interlocutory appeal where case had been pending for three years, discovery had not begun, and the appeal could delay the commencement of discovery for another two years).

DePaul claims a stay would not prejudice Plaintiffs, relying solely on *Telephone Science Corporation v. Asset Recovery Solutions, LLC*, 15 C 5182, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016). ECF No. 71 at 10-11. But that case is inapposite. There, the plaintiff had filed suit approximately one year before the defendant sought to stay proceedings pending the Supreme Court's decision in another case likely to determine whether the plaintiff had standing to proceed. *Tel. Sci. Corp.*, 2016 WL 47916, at *1. The court held that a stay would not prejudice the plaintiff because the Supreme Court had already heard oral argument and would likely issue a decision

shortly, "resulting in, at most, a five to six-month delay in [the] litigation." *Id.* at *5. Here, in contrast, Plaintiffs' suit has been pending for nearly three years without an opportunity to begin discovery, an interlocutory appeal could easily delay the case for another year or so, and the issue has already been resolved by controlling Seventh Circuit precedent. *See supra* at 2-3, 8-9.

DePaul's arguments that a stay would simplify the issues and reduce the burden on the parties and the Court, ECF No. 71 at 11, fares no better. DePaul's sole support for claiming a stay would simplify the issues is *Pine Top Receivables of Illinois, LLC v. Banco De Seguros Del Estado*, No. 12 C 6357, 2013 WL 3776971, at *1 (N.D. Ill. July 18, 2013). That case involved the question of whether it should continue in court or be compelled to proceed in arbitration, a threshold issue not present in this case that bears on whether the court has jurisdiction and risks inconsistent handling of the case by two different tribunals. *Id.* As for DePaul's claim that discovery could be burdensome and might "ultimately prove unnecessary," ECF No. 71 at 11, such speculation neither justifies a stay nor comports with the circumstances of this case. Based on controlling authority, an interlocutory appeal is likely to fail and would only further delay the nearly inevitable discovery in this case. A stay would unduly prejudice and burden Plaintiffs. This Court should reject DePaul's attempts to further delay these proceedings.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion for Certification of Interlocutory Appeal and to Stay Proceedings.

Respectfully submitted,

/s/ Adele P. Kimmel
Adele P. Kimmel, Esq.*
Alexandra Z. Brodsky, Esq.*
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203

Michael S. Popok, Esq.*
**ZUMPANO PATRICIOS & POPOK, PLLC**
134 East 38th Street
New York, NY 10016
Telephone: (212) 381-9999
Facsimile: (212) 320-0332

Art Bresnahan, Esq.
**ZUMPANO PATRICIOS & BRESNAHAN, LLC**
Law Firm No. 13698
829 N Milwaukee Avenue
Chicago, IL 60642
Telephone: (312) 924-3609
Facsimile: (312) 268-7179

**Attorneys for Plaintiffs**

*Admitted *Pro Hac Vice*

Dated: February 13, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed the foregoing Memorandum in Opposition to Defendant's Motion for Certification of Interlocutory Appeal and to Stay Proceedings with the Clerk of the U.S. District Court using the Court's CM/ECF system, which will send electronic notifications to all parties who have appeared and are registered as CM/ECF participants in this matter.

/s/ *Adele P. Kimmel*
Counsel for Plaintiffs