**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. JENNY H. CONVISER and ASCEND CONSULTATION IN HEALTH CARE, LLC, | ) ) ) ) | Case No. 1:20—cv—03094 |
| Plaintiffs, | ) ) | Hon. Franklin U. Valderrama |
| v. | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| DEPAUL UNIVERSITY, | ) ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Plaintiffs Dr. Jenny Conviser and Ascend Consultation in Health Care, LLC (collectively, "Plaintiffs") and Defendant DePaul University ("DePaul") (Plaintiffs and DePaul are collectively identified as the "Parties"), by and through their undersigned attorneys, hereby submit the following Joint Status Report pursuant to this Court's December 18, 2023 Order (Docket Entry ("DE") 113) and state as follows:

1. The Court's December 18 Order requires the Parties to file a further joint status report "on their progress with an ESI protocol, identification of documents custodians, and search terms by 1/10/24." (DE 113.)

**A. ESI Protocol**

2. On December 10, 2023, DePaul sent Plaintiff additional changes to the draft ESI Protocol. On January 4, 2024, Plaintiff requested clarification as to changes that DePaul made to the ESI Protocol but DePaul did not respond. The changes were DePaul's removal of the words "text messages" and clarification that its search of "cloud storage" databases be limited to those owned or controlled by a party in this case. DePaul's position is that it cannot agree to search

personal cell phones and "cloud storage" accounts owned and controlled by current or former employees. Those devices and accounts are not within DePaul's custody, possession or control. Plaintiffs did not object to any of DePaul's changes or provide a revised draft because Plaintiffs were waiting on additional clarification.

3. DePaul requests the Court set a deadline by which Plaintiffs are to provide any further changes they have to the ESI Protocol. Plaintiffs are prepared to discuss the changes and come to an agreement and, if the parties are not able to, Plaintiffs are also prepared to discuss the issue at the January 16, 2024 Status Hearing.

**B. ESI Custodians and Search Terms**

4. On December 21, 2023, the Parties further met and conferred on disagreements over ESI custodians and search terms.

5. As stated in the prior Joint Status Report, the Parties agree on certain custodians, timeframes, and search terms. The Parties agree on the following custodians, timeframes, and search terms:

| Custodian | Timeframe | Agreed Search Terms |
|---|---|---|
| Eugene Lenti | 6-1-2016 to 6-12-2018 | ▪ "Report" AND "Ascend" OR "Conviser" OR "Jenny Conviser" |
| Sue Walsh | 6-1-2016 to 12-30-2018 | ▪ "Refer" OR "Referral" AND "Ascend" OR "Conviser" OR "Jenny Conviser"<br>▪ "Refer" OR "Referral" AND "Psychiatric Evaluation"<br>▪ "Refer" OR "Referral" AND "Treatment"<br>▪ "Athlete" OR "Team" AND "Refer" OR "Referral"<br>▪ "Athlete" OR "Team" AND "Treatment"<br>▪ "Assault" AND "Conviser" OR "Ascend" OR "jenny.conviser@ascendchc.com"<br>▪ "Conviser" AND "Joel Fish" |

| | | |
|---|---|---|
| Kathryn Statz | 6-1-2016 to 12-30-2018 | <ul><li>"Refer" OR "Referral" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Report" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Assault" AND "Conviser" OR "Ascend" OR "jenny.conviser@ascendchc.com"</li></ul> |
| Jill Hollembeak | 6-1-2016 to 12-30-2018 | <ul><li>"Refer" OR "Referral" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Report" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Assault" AND "Conviser" OR "Ascend" OR "jenny.conviser@ascendchc.com"</li></ul> |
| Karen Tamburro | 6-1-2016 to 7-31-2018 | <ul><li>"Refer" OR "Referral" AND</li><li>"Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Report" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Assault" AND "Conviser" OR "Ascend" OR "jenny.conviser@ascendchc.com"</li></ul> |
| Jean Lenti Ponsetto | 6-1-2016 to 12-31-2018 | <ul><li>"Refer" OR "Referral" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Report" AND "Ascend" OR "Conviser" OR "Jenny Conviser"</li><li>"Assault" AND "Conviser" OR "Ascend" OR "jenny.conviser@ascendchc.com"</li></ul> |

### **Remaining Disagreements**

6. Though the Parties successfully have reached some compromises on ESI, several disagreements remain outstanding despite the Parties' attempts to resolve differences without the Court's assistance. The Parties set forth remaining ESI disagreements below and, in Paragraphs 18-20 below, outline their joint request to the Court for resolving the remaining disagreements.

3

### a. Disagreement Number 1

7.     The Parties disagree over whether DePaul must, in addition, search the agreed-upon custodians' mailboxes using the following additional search terms proposed by Plaintiffs:

| Custodian | Disputed Search Terms |
|---|---|
| Eugene Lenti | ▪ "Investigation" AND "Abuse"<br>▪ "Investigation" AND "Assault"<br>"Investigation" AND "Madison Fisher"<br>▪ "Allegation" AND "Abuse"<br>▪ "Allegation" AND "Punch"<br>▪ "Investigation" AND "Jill Hollembeak"<br>▪ "Investigation" AND "Title IX" OR "titleixcoordinator@depaul.edu" |
| Sue Walsh | ▪ "Investigation" AND "Eugene" Lenti"<br>▪ "Investigation" AND "Softball"<br>▪ "Abuse" AND "Eugene Lenti" OR "Softball"<br>▪ "Punch" AND "Eugene Lenti" OR "Softball"<br>▪ "Assault" AND "Eugene Lenti" OR "Softball"<br>▪ "Eugene Lenti" AND "Retire" or "Retirement"<br>▪ "Eugene Lenti" AND "Punch"<br>▪ "Track and Field" AND "Drugs"<br>▪ "Soccer" OR "Basketball" AND "Drinking" |
| Kathryn Statz | ▪ "Investigation" AND "Eugene Lenti"<br>▪ "Investigation" AND "Softball"<br>▪ "Abuse" AND "Eugene Lenti" OR "Softball"<br>▪ "Punch" AND "Eugene Lenti" OR "Softball"<br>▪ "Assault" AND "Eugene Lenti" OR "Eugene Lenti" OR "Softball"<br>▪ "Eugene Lenti" AND "Retire" or "Retirement"<br>▪ "Eugene Lenti" and "Punch"<br>▪ "Eugene Lenti" and "Hit"<br>▪ "Track and Field" AND "Drugs"<br>▪ "Conviser" AND "Joel Fish" |
| Jill Hollembeak | ▪ "Investigation" AND "Eugene Lenti"<br>▪ "Investigation" AND "Softball"<br>▪ "Abuse" AND "Lenti" OR "Eugene" OR "Softball"<br>▪ "Punch" AND "Lenti" OR "Eugene" OR "Softball"<br>▪ "Assault" AND "Lenti" OR "Eugene" OR "Softball"<br>▪ "Lenti" AND "Retire" or "Retirement"<br>▪ "Eugene Lenti" and "Punch"<br>▪ "Eugene Lenti" AND "Hit" |

| Karen Tamburro | <ul><li>"Investigation" AND "Eugene Lenti"</li><li>"Investigation" AND "Softball"</li><li>"Abuse" AND "Eugene Lenti" OR "Softball"</li><li>"Punch" AND "Eugene Lenti" OR "Softball"</li><li>"Assault" AND "Eugene Lenti" OR "Eugene Lenti" OR "Softball"</li><li>"Eugene Lenti" AND "Retire" or "Retirement"</li><li>"Eugene Lenti" and "Punch"</li><li>"Eugene Lenti" AND "Hit"</li></ul> |
|---|---|
| Jean Lenti Ponsetto | <ul><li>"Investigation" AND "Eugene Lenti"</li><li>"Investigation" AND "Softball"</li><li>"Abuse" AND "Lenti" OR "Eugene" OR "Softball"</li><li>"Punch" AND "Lenti" OR "Eugene" OR "Softball"</li><li>"Assault" AND "Lenti" OR "Eugene" OR "Softball"</li><li>"Lenti" AND "Retire" or "Retirement"</li><li>"Eugene Lenti" and "Punch"</li><li>"Eugene Lenti" AND "Hit"</li></ul> |

8. The central question in this case is whether Plaintiffs complained to DePaul, about conduct potentially violating Title IX and whether DePaul retaliated against Plaintiffs by sending student athletes to other providers for mental health services. Plaintiffs also contend a central issue in this case is whether Plaintiffs caused others, including students, to make complaints to DePaul about conduct violating Title IX. DePaul contends Plaintiffs have not identified the "others" who Plaintiffs allegedly caused to complain and that, at minimum, DePaul had to have knowledge Plaintiffs caused the complaints by "others" for those complaints to have any potential relevance to this case.

9. DePaul's position is the disputed search terms do not relate to whether Plaintiffs engaged in protected activity and whether DePaul retaliated against them; instead, the disputed search terms focus largely on what DePaul's former softball coach, Eugene Lenti, was accused of by former students, DePaul's internal response to the student concerns, and Mr. Lenti's retirement from DePaul. DePaul repeatedly has reminded Plaintiffs throughout the meet and confer process

5

of its position that Plaintiffs' disputed search terms are not limited to Plaintiffs in any way, nor do they have any connection to Plaintiffs' retaliation claims.

10. Furthermore, Plaintiffs are asking DePaul to search for the words, "Soccer"; "Drinking"; and "Drugs." DePaul's position is these search terms, and others like them, are unlikely to identify emails shedding light on Plaintiffs' alleged complaints or the alleged retaliation against them.

11. Plaintiffs have informed DePaul that its interpretation of the retaliation claim is narrower than is reasonable or that is allowable under the broad language of FRCP 26, and that part of Plaintiffs' claim is that Plaintiffs were retaliated against because of reports that Dr. Conviser made regarding other Title IX violations that had nothing to do with Eugene Lenti, as well as complaints that Dr. Conviser's patients made to DePaul concerning Eugene Lenti. The complaints about Eugene Lenti were the proverbial straw that broke the camel's back, but they are not the only Title IX issues that Dr. Conviser or members of Ascend witnessed, reported, or caused to be reported.

12. Plaintiff's position is DePaul's proposed search terms would therefore not capture any of the communications that concerned other complaints Dr. Conviser made, or complaints that were made by students or others about Title IX violations, for which DePaul retaliated against Plaintiffs.

### b. Disagreement Number 2

13. In addition, the Parties disagree over whether DePaul should incur the cost of colleting, review, and producing emails from DePaul's former President, Dr. Gabriel Esteban. Plaintiffs have proposed the following search terms for Dr. Esteban:

| Custodian | Timeframe | Agreed Search Terms |
|---|---|---|

| Gabriel Esteban | 7-1-2017 to 6-30-2021 | <ul><li>"Investigation" AND "Eugene Lenti"</li><li>"Investigation" AND "Softball"</li><li>"Eugene Lenti" AND "Softball"</li><li>"Eugene Lenti" AND "Abuse"</li><li>"Title IX" OR "titleixcoordinator@depaul.edu" AND "Eugene Lenti"</li><li>"Title IX" OR "titleixcoordinator@depaul.edu" AND "Softball"</li></ul> |
|---|---|---|

14. Plaintiffs assert Dr. Esteban should be included as a custodian to determine what Dr. Esteban knew, if anything, about student allegations against DePaul's former softball coach, Eugene Lenti. Plaintiffs assert it is also relevant to know if Dr. Esteban did not know of the allegations, why he did not know.

15. DePaul's position is there is no allegation in this case Dr. Conviser or any Ascend employee complained to Dr. Esteban, otherwise had any contact with Dr. Esteban, or that Dr. Esteban made any decisions related to Plaintiffs. Plaintiffs have confirmed this is accurate during the meet and confer process.

16. DePaul also has reminded Plaintiffs there is no allegation any student complained to Dr. Esteban directly, no allegation Dr. Esteban had a role in decisions about referring students to Ascend or another provider, no allegation Dr. Esteban was aware of the contract between DePaul and Ascend prior to litigation notices, nor any allegation Dr. Esteban made any decisions related to Plaintiffs. Plaintiffs have confirmed in meet and confers they currently have no reason to believe Dr. Esteban was aware of Plaintiffs' alleged complaints or the alleged retaliation against them. Plaintiffs' view is that is why Plaintiffs need Dr. Esteban's emails so that Plaintiffs can determine what Dr. Esteban knew and when he knew it.

17. Given these considerations, DePaul continues to dispute Dr. Esteban's relevance for ESI in this case.

### Proposed Resolution

18. Because the Parties have been unable to reach a compromise on these remaining disagreements, the Parties believe the Court is best positioned to resolve the disputes at the upcoming January 16 status hearing, based on the information provided in this Report and any further information the Parties wish to present to the Court at the hearing.

19. The Parties believe resolving the remaining ESI disputes in this manner will assist to move discovery in the case forward, given: (a) the current March 15, 2024 discovery cutoff; and (b) no deposition dates have been agreed upon yet given the critical disagreements over the appropriate scope of ESI.

20. To this end, the Parties plan to come to the January 16 hearing prepared to discuss these remaining disagreements with the Court.

**C. Additional Discovery Matters**

21. On January 2, 2024, DePaul sent Plaintiff its proposed ESI custodians and search terms for Plaintiffs' ESI collection and production in this case. Plaintiffs agree to respond to the proposed list of custodians and search terms (identified below) as soon as possible:

| Custodian | Timeframe | Proposed Search Terms |
|---|---|---|
| Jenny Conviser | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@depaul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu |

8

| | | |
|---|---|---|
| | | clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Elyse Rocco | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@depaul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Sarah Halvorson | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@depaul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Ruby Tenorio | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@depaul.edu<br>jill.hollembeak@depaul.edu |

| | | |
|---|---|---|
| | | jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Karen Nakagawa | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@de-paul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Logan Hamel | 6-1-2016 to 12-31-2018 | "Title IX"<br>"Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@de-paul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
| Rachel Webb | 6-1-2016 to 12-31-2018 | "Title IX" |

10

|  |  | "Title 9"<br>Tit. /5 IX *OR* 9<br>titleixcoordinator@de-paul.edu<br>jill.hollembeak@depaul.edu<br>jhollemb@depaul.edu<br>swalsh@depaul.edu<br>jlentipo@depaul.edu<br>ktamburr@depaul.edu<br>kstatz@depaul.edu<br>clewis16@depaul.edu<br>Madison<br>Claire<br>Celeste<br>DePaul<br>"Sue Walsh" |
|---|---|---|

Respectfully submitted,

/s/ Brian P. Paul
Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800
Email: bppaul@michaelbest.com
khminton@michaelbest.com
mkchropowicz@michaelbest.com

Dated: January 10, 2024

/s/ Amanda J. Brookhyser
Michael S. Popok
Zumpanos Patricios and Popok, PLLC
134 E. 38th Street
New York, NY
Telephone: 212.542.2564
Email: mpopok@zplaw.com

Arthur Bresnahan
Zumpanos Patricios and Bresnahan, LLC
829 North Milwaukee Avenue
Chicago, IL 60642
Telephone:312.924.3609
Email: ab@zplaw.com

Amanda J. Brookhyser
Zumpano Patricios Popok & Helsten
1210 S. Valley View Blvd., Suite 215
Las Vegas, NV 89102
Email: abrookhyser@zplaw.com

Dated: January 10, 2024

**CERTIFICATE OF SERVICE**

 The undersigned attorney certifies that on January 10, 2024, he filed the foregoing ***Joint Status Report*** with the Clerk of the Court using the CM/ECF NextGen system, which will send notification of such filing to following:

**Adele P. Kimmel**
**Alexandra Z. Brodsky**
Trial Lawyers for Public Justice
1620 L Street, NW, Suite 630
Washington, DC 20036
Email: akimmel@publicjustice.net
Email: abrodsky@publicjustice.net

**Arthur Besnahan**
Zumpano Patricios and Bresnahan, LLC
829 North Milwaukee Avenue
Chicago, IL 60642
Email: ab@zplaw.com

**Michael S. Popok**
Zumpano Patricios and Popok, PLLC
134 E. 38th Street
New York, NY 10016
Email: mpopok@zplaw.com

**Amanda J. Brookhyser**
Zumpano Patricios Popok & Helsten
1210 S. Valley View Blvd., Suite 215
Las Vegas, NV 89102
Email: abrookhyser@zplaw.com

 /s/ Brian P. Paul
*Attorney for Defendant*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
bppaul@michaelbest.com